IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 08 C 7037 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Derek Wilson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Wilson's Section 2255 motion.

## BACKGROUND

In a second superseding indictment, Wilson was charged with conspiring to commit an offense against the United States, namely, robbery of persons having lawful charge, control, and custody of money and property of the United States, in violation of 18 U.S.C. § 371, and robbing persons having lawful charge, control, and custody of money and property of the United States, in violation of 18 U.S.C. § 2114(a). Following a jury trial, the jury convicted Wilson and his co-defendant Charles Ross of robbing a postal truck docked at the Grand Crossing Post Office Annex in Chicago, Illinois. Wilson, a former postal employee, used his inside knowledge of the post office to facilitate the robbery. On May 4, 2005, the Court sentenced Wilson to 100 months imprisonment. On December 14, 2007, the Seventh Circuit affirmed Wilson's conviction on appeal. *See United States v. Ross,* 510 F.3d 702 (7th Cir. 2007).

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). A district court will only grant a Section 2255 motion to vacate, set aside or correct a sentence if the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hays v. United States,* 397 F.3d 564, 566-67 (7th Cir. 2005) (citations and internal quotations omitted). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). Accordingly, if a Section 2255 petitioner does not raise a claim in his direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005), that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson v. Benik,* 471 F.3d 811, 815 (7th Cir. 2006), or a change of circumstances involving facts or law. *See Varela,* 481 F.3d at 935-36. Because claims of constitutionally ineffective assistance of counsel usually involve evidence outside the record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Torzala v. United States,* 545 F.3d 517, 524 (7th Cir. 2008).

<u>**ANALYSIS**</u>

Construing Wilson's pro se Section 2255 motion liberally, *see Dale v. Poston,* 548 F.3d 563, 568 (7th Cir. 2008), he brings the following claims: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel.

**I.      Ineffective Assistance of Trial Counsel**

To establish ineffective assistance of counsel, Wilson must show (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Wilson fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also Amerson v. Farrey,* 492 F.3d 848, 851 (7th Cir. 2007). Meanwhile, "because counsel is presumed effective, a defendant bears a heavy burden in challenging his attorney's effectiveness." *United States v. Hatten-Lubick,* 525 F.3d 575, 579 (7th Cir. 2008); *United States v. Recendiz,* 557 F.3d 511, 531 (7th Cir. 2009) (there is a "strong presumption that the attorney performed effectively").

**A.      Motion to Sever, Motion to Exclude, Key Witness**

First, Wilson claims that his trial counsel was constitutionally ineffective because she failed to file a motion to sever his trial from his co-defendant's trial and failed to raise *Bruton* issues. Wilson also maintains that counsel was ineffective for failing to move to exclude a redacted tape. Wilson's claims have no factual basis because his trial counsel adopted his co-defendant's counsel's motion to sever the trial that the Court denied. (03 CR 822-3, R. 152-1.)

3

Moreover, Wilson's counsel also raised *Bruton* issues and moved to exclude the redacted tape at issue. (*See id.*) Because Wilson's allegations are unequivocally contradicted by the record, they cannot serve as a factual basis for these ineffective assistance of counsel claims.

In his 2255 motion, Wilson also argues that his trial counsel failed to properly review evidence and failed to file a motion to dismiss the indictment. Wilson, however, fails to give any specific details about these claims, and thus these undeveloped arguments are waived. *See Argyropoulos v. City of Alton,* 539 F.3d 724, 739 (7th Cir. 2008) (undeveloped and legally unsupported arguments are waived even when those arguments raise constitutional issues). For the first time in his reply brief, Wilson argues that his trial counsel was ineffective for failing to investigate a key witness, James Anderson. Wilson's argument made for the first time in his reply brief is waived. *See Porco v. Trustees of Ind. Univ.,* 453 F.3d 390, 395 (7th Cir. 2006) (even when litigant is pro se, arguments made for the first time in reply brief are waived). Moreover, Wilson's argument is without merit because although Wilson sets forth his own affidavit of Anderson's potential testimony, this affidavit and his cursory argument do not fulfill Wilson's obligation to provide "a comprehensive showing of what the potential witness' testimony would have been and how it would have produced a different result." *Brown v. McGinnis,* 922 F.2d 425, 428 (7th Cir. 1991). In other words, Wilson has failed to establish the *Strickland* prejudice prong as to this claim. *See id.* Therefore, Wilson has failed in his burden of establishing ineffective assistance of trial counsel under this first group of claims. *See Hatten-Lubick*, 525 F.3d at 579.

### B.      Counsel's Advice Regarding Sentencing

Next, Wilson asserts that he was denied effective assistance of trial counsel because

counsel gave him "misadvice" concerning his sentence. More specifically, Wilson argues that "during the plea offer, trial attorney told the petitioner the government offered 2 to 5 years and counsel told the petitioner he might as well go to trial because he was facing 3 to 6 years, which was not true, which [sic] the petitioner received 100 months." (08 C 7037, R. 1-1, Section 2255 Mot., at 5.) In his reply brief, Wilson further articulates that it was his first trial attorney, Kenyatta Tatum, and not his second trial attorney, Gwendolyn Anderson, who told him that the government offered 2 to 5 years and that he would only face 3 to 6 years if convicted. (R. 29-1, Reply Brief, at 3.)

The Seventh Circuit recognizes "that counsel's performance may fall below the minimum threshold if he advises his client to reject a plea bargain in the face of overwhelming evidence of guilt and an absence of viable defenses." *Gallo-Vasquez v. United States,* 402 F.3d 793, 798 (7th Cir. 2005); *see also Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007) (same). Under these circumstances, "prejudice means 'a reasonable probability that, but for counsel's inadequate performance, [petitioner] would have accepted the government's offer." *Gallo-Vasquez,* 402 F.3d at 798 (citation omitted). Thus, to establish prejudice, Wilson must show through objective evidence that there is a reasonable probability that but for counsel's inadequate advice, he would have accepted the government's plea offer. *See Paters v. United States,* 159 F.3d 1043, 1047 (7th Cir. 1998).

In support of his Section 2255 motion, Wilson presents two affidavits, his sworn Section 2255 motion, and his unsworn reply brief. *See Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006) (allegations in affidavit or motion signed under penalty of perjury are evidence by which district court may judge sufficiency of petitioner's claims). In these filings, Wilson fails

5

to state that – but for counsel's deficient performance – he would have accepted the

government's plea offer instead of going to trial. As such, Wilson has failed to establish the

*Strickland* prejudice prong, and thus this ineffective assistance of counsel claim fails. *See Gallo-*

*Vasquez,* 402 F.3d at 798.

### C.    Improper Comments/Motion for Mistrial

Wilson also argues that his counsel was ineffective because she failed to (1) object to

improper comments by the government, (2) request a mistrial based on Wilson's co-defendant's

outbursts, (3) object to the jury instructions, (4) argue his "Rule 29" (judgment of acquittal)

under both charged counts; (5) call Wilson to testify in his own defense; and (6) challenge the

sentencing calculations.

First, Wilson fails to develop his jury instruction argument with supporting facts and law,

and thus his third argument is waived. *See Argyropoulos,* 539 F.3d at 739 (undeveloped,

unsupported arguments are waived). Next, trial counsel did file Rule 29 and Rule 33 (new trial)

motions, so Wilson's fourth argument has no factual predicate. (03 CR 822-3, R. 152-1, Mot., at

3-7, 166-1, Minute Order, at 1-2.) In addition, Wilson acknowledged in open court during trial

that he did not want to testify, therefore, there is no factual basis for his fifth claim. (08 C 7037,

R. 15-1, Gov't. Resp., Ex. A., Trial Tr., at 588-89.) Last, Wilson's counsel did challenge the

sentencing calculations in a sentencing memorandum and at Wilson's sentencing hearing. (03

CR 0822-3, R. 164, Sent. Mem., at 3-6; R. 206-1, Sent. Tr., at 7-9, 12, 14-16.) The Court thus

turns to Wilson's claims that he supports with legal authority and facts.

### (1)    Improper Comments

Wilson maintains that the government made improper comments in both its opening

statement and closing arguments and that his defense counsel's failure to object to these

comments constitutes ineffective assistance of counsel. Citing to the trial transcript, Wilson

specifically points to the government's opening statements where the Assistant United States

Attorney stated that there was overwhelming evidence that Wilson agreed on August 8, 2003, to

rob a truck at the Grand Crossing Post Office. Wilson also argues that it was improper when the

government stated that two individuals who witness the same events may have different accounts

of the events. In addition, Wilson contends that the prosecutor's comments that the United

States Postal Inspector did not lie, that Wilson was not confused, that there was a conspiracy,

and that only one verdict is consistent with common sense were all improper opening statements.

Wilson also objects to the government's closing arguments in which the Assistant United States

Attorney stated that certain witnesses told the truth, especially that only one of Wilson's alibi

witnesses told the truth. Finally, Wilson objects to the government's statement in closing that

Wilson's wages were being garnished.

In evaluating whether a prosecutor's statements amount to prosecutorial misconduct, the

relevant inquiry is whether the prosecutor's conduct "so infected the trial with unfairness as to

make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168,

181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). An example of prosecutorial misconduct that "so

infected the trial with unfairness" is illustrated by *Griffith v. Hulick,* 587 F.Supp.2d 899, 911

(N.D. Ill. 2008). Specifically, in the *Griffith* closing arguments, the prosecutor compared the

defendant to a "deranged Energizer bunny," "walking barbecue tongs," and a "grenade in a baby

carriage," and repeatedly referenced defendant's "license to kill." *See id.* at 912. Further, the

prosecutor made speculative and exaggerated comments about the violent acts that the defendant

would commit in the future if he were not convicted. *See id.*

Meanwhile, when reviewing a claim of prosecutorial misconduct, courts must determine whether the prosecutor's statements were improper and if the defendant was prejudiced. *See United States v. Corley,* 519 F.3d 716, 727 (7th Cir. 2008); *Bartlett v. Battaglia,* 453 F.3d 796, 802 (7th Cir. 2006). Courts looks to a number of factors in determining whether the prosecutor's statements prejudiced the criminal defendant, including whether the court gave curative jury instructions and the overall weight of the evidence against defendant. *See United States v. Clark,* 535 F.3d 571, 581 (7th Cir. 2008); *Corley,* 519 F.3d at 727.

Here, the record reflects that the Court instructed the jury about the testimony of witnesses, weighing the evidence, what is not evidence, and the number of witnesses. (*See*, *e.g.,* 7th Cir. Pattern Crim. Jury Inst. 1.03, 1.04, 1.06, 1.09.) The Court specifically told the jury that opening statements and closing arguments are not evidence. The Court also instructed the jury about statements Wilson made to United States Postal Inspectors explaining that the jury must decide if Wilson made the statements and the weight the statements deserved. Moreover, the Court instructed the jury that Wilson was presumed innocent. (*See*, *e.g.,* 7th Cir. Pattern Crim. Jury Inst. 2.03). These jury instructions ameliorated any prejudice caused by the prosecutor's statements concerning witness credibility and Wilson's guilt. *See Corley,* 519 F.3d at 728; *see also United States v. Danford,* 435 F.3d 682, 687 (7th Cir. 2006) (jurors presumed to follow court's jury instructions).

Moreover, at trial, the government presented substantial evidence of Wilson's guilt. Particularly damaging was his co-conspirator Richard Johnston's trial testimony that in 1997 Wilson advised him about robbing the Post Office because large sums of money were shipped

there on a daily basis. Johnston testified that Wilson was his getaway driver when he stole

approximately $9,000 from the Post Office in 1997. Furthermore, Johnston testified that he told

Wilson he wanted to rob the Post Office in 2003 and Wilson gave him inside information.

Johnston also testified that Wilson told him the best day to rob the Post Office was Friday and

that Wilson gave him other pertinent details about robbing the Post Office. In addition, Johnston

testified that Wilson agreed to act as the getaway driver in the 2003 robbery and after the

robbery, Wilson, Johnston, and the other co-conspirator, Charles Ross, split the money three

ways.

Based on the evidence of Wilson's guilt – along with the curative jury instructions – the

prosecutor's comments did not prejudice Wilson. *See Darden,* 477 U.S. at 181 ("it is not enough

that the prosecutors' remarks were undesirable or even universally condemned. The relevant

question is whether the prosecutors' comments so infected the trial with unfairness as to make

the resulting conviction a denial of due process.") (internal quotations and citations omitted). In

sum, when assessing the prosecutor's remarks in the context of the entire record, the comments

at issue did not deny Wilson his right to a fair trial. *See United States v. McMath*, ___ F.3d ___,

2009 WL 702346, at *8 (7th Cir. Mar. 19, 2009). Because Wilson's prosecutorial misconduct

claim lacks merit, trial counsel was not constitutionally ineffective for failing to object to the

prosecutor's comments. *Cf. Cosby v. Sigler,* 435 F.3d 702, 705-06 (7th Cir. 2006). On a final

note, trial counsel's failure to object to the government's comment that Wilson's wages were

being garnished does not tip the scale in favor of a finding of ineffective assistance of counsel in

light of the substantial evidence of Wilson's guilt. *See Allen v. Chandler*, 555 F.3d 596, 602 (7th

Cir. 2009).

### (2)    Motion for Mistrial

Next, Wilson argues that his trial counsel was constitutionally ineffective for failing to request a mistrial based on his co-defendant Charles Ross' outbursts during trial – implicating his right to a fair trial – although Wilson admits that the Court cautioned the jury to disregard Ross' comments. As the Seventh Circuit has articulated, some courtroom situations are so prejudicial that cautionary instructions to the jury cannot cure potential juror bias based on courtroom outbursts or disruptions. *See United States v. Mannie*, 509 F.3d 851, 856-57 (7th Cir. 2007). Situations in which a co-defendant's outbursts have prejudiced another co-defendant, include a co-defendant who physically assaulted a United States Marshal and had to be restrained from swallowing a capsule, *see Braswell v. United States,* 200 F.2d 597, 602 (5th Cir. 1952), and a co-defendant who verbally abused his attorneys and created a courtroom brawl. *See Mannie,* 509 F.3d at 857.

Here, Ross' statements made in open court about the truthfulness of certain witnesses and prosecutors fail to rise to this level. Put differently, Ross' statements were not so prejudicial that the Court's instruction to the jury to disregard these statements failed to cure potential juror bias. *See Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (criminal defendant entitled to fair trial – not a perfect one). Indeed, under most circumstances, courtroom disruptions or outbursts "cannot be seized upon in and of themselves as justifications for retrials." *United States v. Bamberger,* 456 F.2d 1119, 1128 (3d Cir. 1972); *see also Mannie,* 509 F.3d at 856. Thus, under the circumstances, trial counsel was not constitutionally ineffective for failing to file a motion for a mistrial based on Ross' statements.

### D.    Other Grievances

Finally, Wilson argues that his trial counsel was constitutionally ineffective because she occasionally called him "Derek Ross," which sounds like his co-defendant's name and that she did not object to the government when it referred to him as "Derek Ross." Because Wilson fails to explain this claim in his legal memorandum to the Court, the claim is waived. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion in briefs amounts to abandonment of claim). Accordingly, Wilson has failed to establish that his trial counsel was constitutionally ineffective under the circumstances. *See United States v. Malone,* 484 F.3d 916, 919 (7th Cir. 2007) ("defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel").

## II.     Ineffective Assistance of Appellate Counsel

Next, Wilson brings an ineffective assistance of appellate counsel claim. An appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims counsel did raise on appeal. *See Suggs v. United States,* 513 F.3d 675, 678 (7th Cir. 2008); *Sanders v. Cotton,* 398 F.3d 572, 585 (7th Cir. 2005). Thus, in determining whether Wilson has established the *Strickland* performance prong, the Court must examine the record to see whether his appellate attorney omitted "significant and obvious" issues on appeal. *See Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008). To establish the *Strickland* prejudice prong, Wilson must show that there is a reasonable probability that but for his appellate counsel's deficient performance, the result of the appeal would have been different. *See Suggs,* 513 F.3d at 678; *Lee v. Davis,* 328 F.3d 896, 901 (7th Cir. 2003).

Here, Wilson maintains that his appellate counsel should have argued that he was denied his due process right to a fair trial based on the government's improper comments. As discussed

11

in detail above, Wilson's prosecutorial misconduct claim is without merit because he was not

prejudiced by the prosecutor's remarks. *See Corley,* 519 F.3d at 727; *Bartlett,* 453 F.3d at 802.

Because Wilson's prosecutorial misconduct claim lacks merit, it is not clearly stronger than the

claim counsel did raise on appeal, namely, that the district court erred in admitting evidence of

Wilson's earlier conspiracies under Federal Rule of Evidence 404(b). *See Suggs,* 513 F.3d at

678; *see also Whitehead v. Cowan,* 263 F.3d 708, 731 (7th Cir. 2001) (appellate attorneys "do

not have to present losing arguments"). Therefore, Wilson has failed in his burden of

establishing ineffective assistance of appellate counsel.

### CONCLUSION

For these reasons, the Court denies Derek Wilson's motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255.

**Dated:** April 9, 2009

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**

12
